IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

SAMI MOSHEN,

    Plaintiff,

v.

J.J.R., INC. dba LAWRENCE KIA,

    Defendant.

Case No.: 2:25-cv-02432-TJJ

**DEFENDANT J.J.R., INC. d/b/a LAWRENCE KIA'S
ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendant J.J.R., Inc. d/b/a Lawrence Kia ("Defendant") submits the following Answer and Affirmative Defenses in response to Plaintiff's Complaint.

**PARTIES**

1.    Responding to Paragraph 1, Defendant is without sufficient knowledge or information to admit or deny the allegation in Paragraph 1 of Plaintiff's Complaint and therefore denies it.

2.    Responding to Paragraph 2, Defendant admits the allegations.

**JURISDICTION AND VENUE**

3.    Responding to Paragraph 3, Defendant affirmatively states that the allegations in Paragraph 3 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to admit or deny the allegation and therefore denies it.

4.    Responding to Paragraph 4, Defendant affirmatively states that the allegations in Paragraph 4 call for legal conclusions to which no response is required. To the extent a response

161882682.2

is deemed required, Defendant is without sufficient knowledge or information to admit or deny the allegation and therefore denies it.

5. Responding to Paragraph 5, Defendant affirmatively states that the allegations in Paragraph 5 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to admit or deny the allegation and therefore denies it.

6. Responding to Paragraph 6, Defendant affirmatively states that the allegations in Paragraph 6 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to admit or deny the allegation and therefore denies it.

## FACTUAL BACKGROUND

7. Responding to Paragraph 7, Defendant affirmatively states that the allegations in Paragraph 7 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits Plaintiff was employed from April 9, 2021 to April 8, 2025, but Defendant denies the remaining allegations.

8. Responding to Paragraph 8, Defendant is without sufficient knowledge or information to admit or deny the allegation in Paragraph 8 of Plaintiff's Complaint and therefore denies it.

9. Responding to Paragraph 9, Defendant denies the allegations.

10. Responding to Paragraph 10, Defendant denies the allegations.

11. Responding to Paragraph 11, affirmatively states that the allegations in Paragraph 11 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

12. Responding to Paragraph 12, Defendant denies the allegations.

13. Responding to Paragraph 13, affirmatively states that the allegations in Paragraph 13 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

14. Responding to Paragraph 14, Defendant denies the allegations.

15. Responding to Paragraph 15, Defendant is without sufficient knowledge or information to admit or deny the allegation in Paragraph 15 of Plaintiff's Complaint and therefore denies it.

16. Responding to Paragraph 16, including subparts a.-j., Defendant denies the allegations.

17. Responding to Paragraph 17, Defendant denies the allegations.

18. Responding to Paragraph 18, Defendant denies the allegations.

19. Responding to Paragraph 19, Defendant is without sufficient knowledge or information to admit or deny the allegation in Paragraph 19 of Plaintiff's Complaint and therefore denies it.

20. Responding to Paragraph 20, Defendant denies the allegations.

21. Responding to Paragraph 21, Defendant is without sufficient knowledge or information to admit or deny the allegation in Paragraph 21 of Plaintiff's Complaint and therefore denies it.

22. Responding to Paragraph 22, Defendant denies the allegations.

23. Responding to Paragraph 23, Defendant denies the allegations.

24. Responding to Paragraph 24, Defendant denies the allegations.

25. Responding to Paragraph 25, Defendant denies the allegations.

## COUNT I
### Violation of The Fair Labor Standards Act of 1938

26. Responding to Paragraph 26, Defendant incorporates by reference the statements and responses in all the preceding paragraphs as if fully set forth herein.

27. Responding to Paragraph 27, Defendant affirmatively states that the allegations in Paragraph 27 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to admit or deny the allegation and therefore denies it.

28. Responding to Paragraph 28, Defendant affirmatively states that the allegations in Paragraph 28 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to admit or deny the allegation and therefore denies it.

29. Responding to Paragraph 29, Defendant affirmatively states that the allegations in Paragraph 29 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to admit or deny the allegation and therefore denies it.

30. Responding to Paragraph 30, Defendant affirmatively states that the allegations in Paragraph 30 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to admit or deny the allegation and therefore denies it.

31. Responding to Paragraph 31, Defendant affirmatively states that the allegations in Paragraph 31 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to admit or deny the allegation and therefore denies it.

32. Responding to Paragraph 32, Defendant affirmatively states that the allegations in Paragraph 32 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to admit or deny the allegation and therefore denies it.

33. Responding to Paragraph 33, Defendant affirmatively states that the allegations in Paragraph 33 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to admit or deny the allegation and therefore denies it.

34. Responding to Paragraph 34, Defendant affirmatively states that the allegations in Paragraph 34 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

35. Responding to Paragraph 35, Defendant affirmatively states that the allegations in Paragraph 35 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

36. Responding to Paragraph 36, Defendant affirmatively states that the allegations in Paragraph 36 call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

37. Responding to Paragraph 37, Defendant denies the allegations.

38. Responding to Paragraph 38, Defendant denies the allegations.

WHEREFORE, Defendant respectfully prays for judgment in its favor on Count I, for its costs, and for any further relief this Court deems just and proper.  Defendant further denies that plaintiff is entitled to any of the relief sought in the unnumbered WHEREFORE clause following paragraph 38 of Plaintiff's Petition.

## COUNT II
### Wrongful Termination in Violation of Public Policy

39. Responding to Paragraph 39, Defendant incorporates by reference the statements and responses in all the preceding paragraphs as if fully set forth herein.

40. Responding to Paragraph 40, Defendant denies the allegations.

41. Responding to Paragraph 41, Defendant denies the allegations.

42. Responding to Paragraph 42, Defendant denies the allegations.

43. Responding to Paragraph 43, Defendant denies the allegations.

44. Responding to Paragraph 44, Defendant denies the allegations.

45. Responding to Paragraph 45 Defendant denies the allegations.

46. Responding to Paragraph 46, Defendant denies the allegations.

47. Responding to Paragraph 47, Defendant denies the allegations.

48. Responding to Paragraph 48, Defendant denies the allegations.

WHEREFORE, Defendant respectfully prays for judgment in its favor on Count II, for its costs, and for any further relief this Court deems just and proper. Defendant further denies that plaintiff is entitled to any of the relief sought in the unnumbered WHEREFORE clause following paragraph 48 of Plaintiff's Petition.

### JURY TRIAL DEMANDED

Defendant demands a jury trial for all issues so triable pursuant to Federal Rules of Civil Procedure 38(b).

### AFFIRMATIVE DEFENSES

1. Defendant reserves the right to amend its Answer to add affirmative defenses that may arise during the course of this litigation.

2. Plaintiff fails to state a claim against Defendant upon which relief can be granted because Plaintiff has not alleged sufficient facts supporting essential elements of his claims.

3. Plaintiff cannot support the essential elements of his claim for Violation of the Fair Labor Standards Act of 1938 (Count 1), including the necessary showing "that he actually worked overtime, that the amount of overtime was shown by justifiable and reasonable inference, and the employer had actual or constructive knowledge of the overtime." *McMillin v. Foodbrands Supply Chain Services, Inc.*, 272 F.Supp.2d 1211, 1217 (D.Kan. 2003).

4. Plaintiff cannot support the essential elements of his claim for wrongful termination (Count 2), including the necessary showing that "(1) a reasonably prudent person would have concluded that plaintiff's co-worker or employer was violating rules, regulations or the law pertaining to public health, safety and general welfare; (2) the whistleblowing was done in good faith based on a concern regarding that wrongful activity, rather than a corrupt motive like malice, spite, jealousy or personal gain; (3) the employer knew of the employee's report before it discharged the employee; and (4) defendant discharged the employee in retaliation for making the report." *Balfour v. Medicalodges, Inc.*, 2006 WL 3760410 (D. Kan. Dec. 19, 2006) (citing *Goodman v. Wesley Med. Ctr., L.L.C.*, 276 Kan. 586, 589-90, 78 P.3d 817, 821 (2003); *Palmer v. Brown*, 242 Kan. 893, 900, 752 P.2d 685, 689-90 (1988)).

5. Plaintiff fails to allege sufficient facts to state a claim against Defendant.

6. The allegations in Plaintiff's Complaint did not occur or did not occur as alleged by Plaintiff.

7. Defendant reserves the right to assert the after-acquired evidence defense.

8. Plaintiff's claims for back pay and/or front pay are barred, in whole or in part, because Plaintiff failed to exercise reasonable diligence in seeking replacement employment and has, therefore, failed to mitigate his damages.

9. Plaintiff is not entitled to relief because he was compensated in accordance with the Fair Labor Standards Act ("FLSA") and applicable state wage and hour laws, including the Kansas Wage Payment Act ("KWPA").

10. Plaintiff's claims are barred as to hours allegedly worked where Defendants did not have actual or constructive knowledge of such hours worked.

11. Plaintiff's FLSA claims fail as a matter of law to the extent the FLSA or related Code of Federal Regulation is deemed unconstitutional, preempted, or invalid. *Texas v. United States Dep't of Lab.*, 756 F. Supp. 3d 361 (E.D. Tex. 2024).

12. Plaintiff is not entitled to prejudgment interest, even if they prevail.

13. Even if it is determined that Defendant did not comply with the overtime requirements of the FLSA or KWPA, Plaintiff is not entitled to liquidated damages because Defendant acted in good faith under 29 U.S.C. § 259 and 29 U.S.C. § 260 and has reasonable grounds to believe that it was not violating applicable law.

14. If Plaintiff recovers a judgment against Defendant, the judgment amount should be reduced to account for payments made by Defendant for hours during which the employee was not working/other pay to which the employee was not entitled under the FLSA or applicable state law. Moreover, Defendant is entitled to a set off if additional investigation uncovers wrongful conduct and money owed to Defendant.

15. When calculating overtime liability, if any, Defendant is entitled to the exclusion of aspects of Plaintiff's compensation that are excludable from regular rate of pay calculation under 29 U.S.C. § 207(e).

16. Plaintiff's claims in Count II are barred for the reason that Plaintiff's alleged report of unlawful acts or violations of a clear mandate of public policy did not play a role in any adverse decision or action regarding Plaintiff and did not have any determinative influence on the adverse decision or action.

17. Plaintiff may be barred from pursuing this judicial action because of a binding arbitration agreement.

18. The damages allegedly suffered by Plaintiff have no causal connection or relationship with any act or omission of Defendant.

19. To the extent Plaintiff seeks punitive damages for the conduct which allegedly caused damages asserted in the Complaint, such an award would, if granted, violate Defendant's state and federal constitutional rights.

20. To the extent Plaintiff seeks punitive damages for an alleged act or omission of Defendant, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

21. Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

   a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant,

        which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    c.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    d.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

    e.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

22.    Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

23.    Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

24.    For further answer and defense, Plaintiff's claim for punitive damages against Defendant violates Defendant's rights secured by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution in that the claim for punitive damages is for the purpose of punishing Defendant and is tantamount to imposition of a criminal fine based upon conduct and a mental state which is not defined with sufficient precision to notify Defendant in advance of that conduct which will give rise to imposition of punishment in the form of punitive damages, and the amount

of penalty that may be imposed is indeterminate in that there are no definite standards governing the discretion of the fact finder in determining the severity of punishment to be inflicted, all of which violate Defendant's rights to procedural and substantive due process secured by both the federal and state constitutions; the claim for punitive damages constitutes an excessive fine and therefore deprives Defendant of the guarantee secured by the state constitution that excessive fines shall not be imposed; the punitive damage claim discriminates against Defendant on the basis of wealth, in that different amounts can be awarded against different defendants for the same act based only upon the difference in wealth, and further the lack of standards for punishment of one defendant while refusing to impose punishment on another defendant for engaging in the same or similar conduct, and therefore is irrational, arbitrary, and capricious, and constitutes a deprivation of Defendant's right to the equal protection of the law as secured by the federal and state constitutions; the claim for punitive damages amounts to an ex post facto law and punishment which is retrospective in operation, impairs Defendant's rights to contract and to access to the courts, and further constitutes an uncertain remedy, all in contravention of rights secured for Defendant by the federal and state constitutions.

25. Plaintiff is not entitled to recovery in this action merely if a finder of fact disagrees with Defendant's actions or finds those actions to be harsh or unreasonable.

26. Defendant has not damaged the future employability of Plaintiff.

27. Plaintiff did not suffer retaliation and wrongful termination for whistleblowing in violation of Kansas Public Policy. *Holt v. Foot Locker Retail, Inc.*, F.Supp.3d 2022 WL 4547397 (D.Kan. Sept. 29, 2022).

28. Plaintiff failed to exhaust all administrative remedies and/or failed to satisfy conditions precedent.

29. Defendant reserves the right to assert additional defenses as may be revealed by discovery, further investigation, or factual developments in this case, and reserves the right to amend its Answer to assert any such defenses, which are specifically incorporated herein.

WHEREFORE, having answered fully, Defendant prays for this Court to: (1) deny Plaintiff the judgment and relief requested in his Complaint; (2) dismiss Plaintiff's Complaint with prejudice; (3) declare Defendant as the "prevailing party" as to each claim asserted, allowing it to recover its costs and reasonable attorneys' fees incurred in connection with the defense of this action; and (4) grant other and further legal and equitable relief as may be just and proper under the circumstances.

/s/ Ellen C.T. Mathis
Ellen C.T. Mathis, KS #28413
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, Kansas  67206
Telephone:   (316) 609-7900
Facsimile:    (316) 462-5746
ellen.mathis@lewisbrisbois.com

*Attorney for Defendant J.J.R., Inc. d/b/a Lawrence Kia*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2025, I filed the above Defendant's Answer to Plaintiff's Complaint for Damages using the Court's CM/ECF system which sent notification to all counsel of record.

/s/ Ellen C.T. Mathis
Ellen C.T. Mathis